**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT J. PROKOP, M.D.,

  Plaintiff - Appellant,

v.

STATE OF COLORADO, acting by
and through the Colorado Division of
Colorado Natural Resources,

  Defendant - Appellee.

No. 01-1415
(D.C. No. 00-D-1923)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

  Dr. Prokop, appearing pro se, appeals from the district court's judgment

dismissing this action for damages with prejudice.  This action arises out of a

citation Dr. Prokop received for a misdemeanor violation of Colo. Rev. Stat. § 33-

6-119, providing that "it is unlawful for any person to fail to immediately dress or

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

care for and provide for human consumption the edible portions of any game wildlife." According to the complaint, Dr. Prokop paid a penalty assessment under threat so that he could retain his trophy (big horn sheep). Doc. 9 at 5-6, ¶ 23. Under Colorado law, acceptance and payment of a penalty assessment constitutes an acknowledgment of guilt. Colo. Rev. Stat. § 33-6-104(2) ("If the alleged offender accepts such notice and pays the fine and the surcharge entered thereon to the division within fifteen days of issuance of the notice, such acceptance and payment shall constitute an acknowledgment of guilt by such person of the violation set forth in the penalty assessment notice.").

On appeal, Dr. Prokop argues that (1) he did not receive proper notice and a hearing, (2) he stated a claim for relief and the Rooker-Feldman doctrine does not apply because no state judicial proceeding was involved, (3) he properly served the Defendant, (4) he properly filed an amended complaint and his initial complaint could not form the basis for any judicial conclusions, and (5) the State lacks Eleventh Amendment immunity and is not entitled to qualified immunity. The district court dismissed Dr. Prokop's complaint for a number of reasons including the Rooker-Feldman doctrine. R. Doc. 22 at 2-3.

Dr. Prokop has sued the state and its agency pursuant to § 1983; neither are "persons" within the reach of § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Will v. Michigan Dep't of State Police, 491 U.S.

58, 63-64 (1989). In these circumstances, the barrier is not Eleventh Amendment immunity–"[t]he stopper [is] that § 1983 creates no remedy against a State." Arizonans for Official English, 520 U.S. at 70.

Insofar as Dr. Prokop might seek damages against an individual defendant, an action for damages under § 1983 requires that one challenging a criminal conviction or sentence and seeking damages "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The acceptance and payment of a penalty assessment constitutes an acknowledgment of guilt; guilt to a misdemeanor requiring imposition of a fine and license suspension points upon conviction. That is what occurred in this case. See Aplee. Br. tab A. That Dr. Prokop did not avail himself of the state judicial procedure for defending against the charge does not obviate the Heck requirement.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge